1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE WILLIE WEAVER, | No. C 14-0046 RS (PR) |
|---|---|
| Plaintiff. | No. C 14-2823 RS (PR) |
| | No. C 14-2906 RS (PR) |
| | No. C 14-3019 RS (PR) |
| | No. C 14-3148 RS (PR) |
| | No. C 14-3149 RS (PR) |
| | No. C 14-3307 RS (PR) |
| | No. C 14-3308 RS (PR) |
| | No. C 14-3967 RS (PR) |
| | **ORDER OF DISMISSAL** |

Plaintiff, a state prisoner proceeding pro se, filed the above civil rights complaints under 42 U.S.C. § 1983. He also applied to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 in each action.

The Court found that 28 U.S.C. § 1915(g) bars plaintiff from proceeding IFP in these actions because he (1) has had three or more prior prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted; and (2) does not appear to be seeking relief from a danger of serious physical injury which is imminent at the time of filing. The Court gave plaintiff notice of

these strikes and informed him that they were presumed valid because he had failed on prior occasions to challenge them successfully. Pursuant to the law of this Circuit, plaintiff nonetheless was afforded an opportunity to persuade the Court that § 1915(g) does not bar pauper status for him because he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    Plaintiff has failed to file a response or pay the filing fee in the above actions. Therefore, he has failed to show that his actions are not barred by 28 U.S.C. § 1915(g). Accordingly, each action listed above is DISMISSED without prejudice to plaintiff bringing his claims in new paid complaints. His motions to proceed IFP are DENIED. In each action, the Clerk shall terminate any pending motion(s), enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: December 8, 2014

RICHARD SEEBORG
United States District Judge